1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENNY STANDISH, ) | Case No. SACV 11-00808-JEM |
| Plaintiff, ) | |
| ) | MEMORANDUM OPINION AND ORDER |
| v. ) | AFFIRMING DECISION OF |
| ) | COMMISSIONER |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**PROCEEDINGS**

On June 9, 2011, Penny Standish ("Plaintiff or Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on September 8, 2011. On November 16, 2011, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and this action dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 59 year old female who applied for Social Security Disability Insurance benefits on August 4, 2008, and Supplemental Security Income benefits on July 29, 2008, both applications alleging disability beginning June 25, 2008. (AR 9.) Plaintiff has not engaged in substantial gainful activity since that date. (AR 11.)

Plaintiff's claims were denied initially on November 26, 2008, and on reconsideration on January 6, 2009. (AR 9.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Kevin M. McCormick on April 21, 2010, in Orange, California. (AR 9, 32-60.) Claimant appeared and testified at the hearing, and was represented by counsel. (AR 9.) Vocational expert ("VE") Jeanine Metildi and Mr. Edward Harvey, Plaintiff's supporting witness, also appeared and testified at the hearing. (AR 9.)

The ALJ issued an unfavorable decision on August 20, 2010. (AR 9-18.) The Appeals Council denied review on April 6, 2011. (AR 1-4.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly considered the April 21, 2010, testimony of Plaintiff's friend, Ed Harvey. (AR 53-56.)

2. Whether the ALJ has properly considered Plaintiff's ability to perform other work in the national economy. (AR 17.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v.

Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld.  Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging in substantial gainful activity, disability benefits will be denied.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments.  Parra, 481 F.3d at 746.  An impairment is not severe if it does not significantly limit the claimant's ability to work.  Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996).  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations.  Parra, 481 F.3d at 746.  If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen v. Yuckert, 482 U.S. at 141.

Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).  Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1]  20 C.F.R. § 416.920(e).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.  If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since June 25, 2008, the alleged onset date.  (AR 11.)

---

[1]  Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: asthma; hypertension; and bipolar disorder, mixed, with psychosis.  (AR 11. )

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments.  (AR 14-15.)

The ALJ then found that the Plaintiff had the RFC to perform medium work with the following limitations:

> Lift/carry 50 pounds occasionally and 25 pounds frequently; sit/stand/walk
> six hours out of eight-hour workday; all postural activities are frequent;
> avoid all exposure to fumes, odors, dusts, gases, poor ventilation; avoid
> working at heights and around machinery; limited to simple, repetitive work
> with limited contact with others.

(AR 15.)  In determining this RFC, the ALJ also made an adverse credibility determination, which is not challenged.  (AR 16.)

At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as a security guard, greeter and credit card processor.  (AR 16.)  The ALJ, however, did find there were other jobs existing in significant numbers in the national economy that Plaintiff can perform, such as hand packager, laundry worker and janitor.  (AR 17-18.)

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act.  (AR 18.)

## DISCUSSION

At the hearing, Plaintiff testified that the day before the hearing her knees locked and she passed out.  (AR 39, 40, 42.)  The ALJ noted that medical records show no limitations regarding joint pain in her knees.  (AR 16.)  Additionally, Plaintiff's mental impairments are mild and do not preclude work.  (AR 12-14, 16.)  As a result, the ALJ assessed Plaintiff with an RFC for medium work with limitations, including simple repetitive work with limited contact with others.  (AR 15.)

At the hearing, Plaintiff testified that her hands shake so badly she cannot fill out a job application.  (AR 50.)  Her friend Ed Harvey testified that Plaintiff "gets very shaky and she can't sign papers."  (AR 54.)  On the basis of this testimony, Plaintiff challenges the ALJ's RFC and step five determination that Plaintiff can perform other jobs in the national economy.

The ALJ, however, found that Claimant's statements concerning the intensity, persistence and limiting effects of her alleged symptoms were not credible to the extent inconsistent with the RFC.  (AR 16.)  This finding would include Plaintiff's testimony about shaky hands and manipulative limitations.  Significantly, Plaintiff does not challenge the ALJ's adverse credibility decision as to herself.  Thus, Plaintiff's arguments turn on Mr. Harvey's testimony.

The ALJ decision must be affirmed.  The ALJ discounted Mr. Harvey's testimony for germane reasons supported by substantial evidence.  As a result, the ALJ's RFC is supported by substantial evidence.  Additionally, the ALJ's step five determination that Plaintiff can perform other jobs in the national economy is supported by substantial evidence.  The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

## I.   THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff challenges the ALJ's RFC because she claims the ALJ improperly discounted Mr. Harvey's lay witness testimony.  The Court disagrees.

### A.   Relevant Federal Law

An RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses and subjective symptoms.  See SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must consider all the relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition.  Robbins, 466 F.3d at 883.

Lay witness testimony regarding a claimant's symptoms is "competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."  Lewis v. Apfel, 236 F.3d

6

1  503, 511 (9th Cir. 2001); Smolen, 80 F.3d at 1288-89 (to reject lay witness testimony, ALJ

2  must make findings "germane to each witness, and supported by substantial evidence").  The

3  reasons germane to each witness must be specific.  Bruce v. Astrue, 557 F.3d 1113, 1115 (9th

4  Cir. 2009).  Lay witness testimony cannot be disregarded without comment.  Stout v. Comm'r,

5  454 F.3d 1050, 1053 (9th Cir. 2006).  In rejecting lay witness testimony, the ALJ need not cite

6  the specific record as long as "arguably germane reasons" for dismissing the testimony are

7  noted, even though the ALJ does not "clearly link his determination to those reasons" and

8  substantial evidence supports the ALJ's decision.  Lewis, 236 F.3d at 512.  The ALJ also may

9  "draw inferences logically flowing from the evidence."  Sample v. Schweiker, 694 F.2d 639,

10  642 (9th Cir. 1982).

11      **B,    Analysis**

12      The ALJ properly rejected Mr. Harvey's testimony because it was not supported by the

13  objective medical evidence:  "I give very little weight to Mr. Harvey's testimony as the opinions

14  and statements of the reviewing physicians and mental health professionals are more objective

15  . . . ."  (AR 16.)  Elsewhere in the decision, the ALJ cited Dr. Laichtman's RFC assessment that

16  noted no manipulative limitations, which is of special significance here in view of Plaintiff's

17  allegations of shaky hands.  (AR 13.)  Inconsistency with medical evidence is a germane

18  reason for discounting law witness testimony.  Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th

19  Cir. 2005); Lewis, 236 F.3d at 511.

20      Contrary to Plaintiff's assertions, the ALJ did not rely solely on the objective medical

21  evidence to discount Mr. Harvey's testimony.  The ALJ set forth an additional reason.  The ALJ

22  discounted Plaintiff's subjective symptoms to the extent inconsistent with the RFC.  (AR 16.)

23  In support of that determination, the ALJ noted that Plaintiff herself reported that she cleans,

24  cooks and drives, which contradict any testimony about shaky hands or manipulative

25  limitations.  (AR 16.)  Plaintiff does not challenge the ALJ's credibility determination as to

26  Plaintiff, which would encompass her testimony about shaky hands.  Mr. Harvey's testimony

27  about shaky hands mirrored that of Plaintiff and as a result the ALJ's reasons for discounting

28  Plaintiff's testimony extend to Mr. Harvey's testimony as well.  Valentine v. Commissioner,

1  Soc. Sec. Adm., 574 F.3d 685, 694 (9th Cir. 2009 ("In light of our conclusion that the ALJ

2  provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints,

3  and because [the lay witness'] testimony was similar to such complaints, it follows that the ALJ

4  gave germane reasons for rejecting [the lay witness'] testimony").

5       Thus, as the ALJ found, "The objective medical evidence fails to fully support the

6  claimant" (AR 16) and Plaintiff's statements are not credible to the extent inconsistent with the

7  RFC.  (AR 16.)  These reasons for rejecting Mr. Harvey's testimony are "germane" and

8  supported by substantial evidence.

9       Plaintiff's arguments challenging the ALJ's rejection of Mr. Harvey's testimony are

10  without merit.  Plaintiff attacks the ALJ's assertion that physicians "are more objective and less

11  likely to be influenced by sympathy for the claimant or other emotional factors" as a broad

12  generalization that would preclude all lay witness and subjective symptom testimony.  The

13  Court agrees, but the two other reasons cited above for rejecting Mr. Harvey's testimony are

14  specific and germane and sufficient to support the ALJ's rejection of Mr. Harvey's testimony.

15  Carmickle v. Comm'r. Soc. Sec. Adm., 533 F.3d 1155, 1162-63 (9th Cir. 2008).  The ALJ's ill-

16  considered remark is harmless error because it is inconsequential to the ultimate non-disability

17  determination.  Stout, 454 F.3d at 1055.

18       Plaintiff asserts that the ALJ did not rely on objective medical evidence in disregarding

19  Mr. Harvey's testimony.  That assertion is plainly untrue, as demonstrated above.  Nor was it

20  necessary for the ALJ to link his determination to specific reasons as long as they appear in

21  the decision.  Lewis, 236 F.3d at 512.

22       Plaintiff also argues that the ALJ did not rely on his adverse credibility determination as

23  to Plaintiff in rejecting Mr. Harvey's testimony.  Again, nothing required the ALJ to link his

24  determination to specific reasons or evidence as long as those reasons and evidence appear

25  in the decision.  The ALJ properly rejected Mr. Harvey's testimony for "germane" reasons

26  supported by substantial evidence.  The ALJ's RFC is supported by substantial evidence.

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.    THE ALJ'S STEP FIVE DETERMINATION IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Based on the VE's testimony, the ALJ determined at step five of the sequential process that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (AR 17.)  The VE testified that Plaintiff could perform three medium unskilled jobs in the national economy: hand packager, laundry worker and janitor.  (AR 17.)  The VE testified (AR 59) that her testimony was consistent with the Dictionary of Occupational Titles ("DICOT") and the ALJ so found.  (AR 17.)

Plaintiff challenges the ALJ's step five determination, asserting that the VE's testimony conflicts with DICOT and the ALJ's RFC.  Plaintiff's challenges are insufficient to invalidate the ALJ's step five finding.

### A.    Relevant Law

The Commissioner bears the burden at step five of the sequential process to prove that Plaintiff can perform other work in the national economy, given his RFC, age, education and work experience.  20 C.F.R. § 416-912(g); Silveira v. Apfel, 204 F.3d 1257, 1261 n.14 (9th Cir. 2000).  ALJ's routinely rely on DICOT "in evaluating whether the claimant is able to perform other work in the national economy." Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1).  DICOT raises a presumption as to job classification requirements. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1998).  An ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with DICOT. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing SSR 00-4p ("the adjudicator has an affirmative responsibility to ask about any possible conflict between that [vocational expert] evidence and information provided in the [Dictionary of Occupational Titles]")).  In order to accept vocational expert testimony that contradicts DICOT, "the record must contain 'persuasive evidence to support the deviation'." Pinto, 249 F.3d at 846 (quoting Johnson, 60 F.3d at 1435).  The ALJ must obtain a reasonable explanation for the variance and then must decide whether to rely on the VE or DICOT. See Pinto, 249 F.3d at 847.  Failure to do so,

however, can be harmless error where there is no actual conflict or the VE provides sufficient

support to justify any conflicts with or variation from DICOT.  Massachi, 486 F.3d at 1154 n.19.

### B.   Analysis

Plaintiff's first argument is that Mr. Harvey's testimony about Plaintiff's difficulties in

being able to sign papers creates an apparent inconsistency with the DICOT job description for

the hand packager occupation.  Plaintiff contends that a worker may be called on to label

containers or container tags and to record information such as weight, time and date

packaged. (JS 12.)  Plaintiff's argument, however, depends on Mr. Harvey's lay witness

testimony, which the Court holds that the ALJ properly discounted.  Thus, the ALJ did not err in

omitting any hand limitation from his RFC.  See Rollins v. Massanari, 261 F.3d 853, 863 (9th

Cir. 2001) ("the ALJ did not err in omitting the other limitations that [Plaintiff] had claimed, but

had failed to prove"); Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir. 1989) (holding that

it is proper for an ALJ to limit a hypothetical to restrictions supported by substantial evidence in

the record).  There is no inconsistency between the ALJ's RFC and the DICOT job description

for hand packagers.

Plaintiff's second argument is that the ALJ's RFC, which precludes work around fumes

or dust, is inconsistent with the DICOT job description for the janitor occupation.  It provides

that a worker may be called on to clean lint, dust, oil, and grease from machines.  Defendant

concedes that the VE's testimony that Plaintiff could perform the janitor position despite her

asthma condition conflicts with DICOT.  The Commissioner, however, views this as harmless

error because the ALJ also found Plaintiff could perform the jobs of hand packager and laundry

worker.  Carmickle, 533 F.3d at 1162-63.

Plaintiff, however, contends that the ALJ's RFC precludes the laundry worker job.  The

DICOT job description indicates that a laundry worker's duties may include the following tasks:

> May dissolve soap granules in hot water and steam to make liquid soap.
> May mend torn articles, using needle and thread.  May sort and count articles
> in neutralizer solution in vat to precondition articles for washing.  May mix dyes
> and bleaches according to formula, and dye and bleach specified articles.

1  DICOT 361.685-018, 19991 WL 672987 (emphasis added).  Plaintiff contends that these tasks

2  conflict with the RFC preclusion against working around fumes or odors.

3      The word "may," however, means "duties required of workers in . . . some

4  establishments but not others."  1991 WL 645965.  Because some laundry workers are not

5  required to work around fumes and odors, the VE's testimony that Plaintiff could perform that

6  occupation is not inconsistent with DICOT.  The VE's testimony is substantial evidence.  A

7  VE's recognized expertise provides the necessary foundation for his or her testimony.  Bayliss,

8  427 F.3d at 218.  No additional foundation is required.  Id.

9      Plaintiff next contends that the RFC preclusion of working around machinery would

10 preclude both the hand packager and laundry worker jobs.  The job description for hand

11 packager includes this task: "Starts, stops, and regulate speed of conveyor."  DICOT 920.587-

12 018, 1991 WL 687916.  Read as a whole, however, the job description does not appear to

13 involve machinery, at least not significantly or always.  The job description notes that

14 "[w]orkers who tend packaging machines are classified under PACKAGER, MACHINE."  It also

15 states that "Moving Mech. Parts: Not Present - Activity or condition does not exist."  In view of

16 these elaborations, pressing a button on a conveyor is not enough to constitute working

17 around machinery or to expose Plaintiff to injury.  See Dumble v. Astrue, 2011 WL 4502086, at

18 *6 (C.D. Cal. Sep. 28, 2011) ("Plaintiff's speculation as to potential injury to herself from the

19 use of a conveyor does not constitute evidence of an inconsistency").  The ALJ posed a

20 hypothetical question to the VE that included all relevant limitations and the VE testified that

21 Plaintiff could perform the hand packager job.  There was no inconsistency between the VE's

22 testimony and the RFC.

23     Similarly, the VE's testimony as to the laundry worker is not inconsistent with the RFC

24 preclusion of working around machinery.  The DICOT job description for a laundry worker

25 states: "Lubricates machines, using grease and oil can."  DICOT 361.685-018, 1991 WL

26 672987.  Again, the job description disavows any risk of injury in stating: "Moving Mech. Parts:

27 Not present - Activity or condition does not exist."  The VE's testimony that Plaintiff could

28 perform the job of laundry worker is not inconsistent with the ALJ's RFC or with DICOT.

11

1        Thus, two jobs remain that Plaintiff can perform in the national economy.  The VE

2 testified that there are 105,000 hand packager jobs nationally and 4,600 such jobs in

3 California.  She also testified that there are 150,000 laundry worker jobs nationally and 3,600

4 such jobs in California.  Even with some erosion of these numbers where fumes, odors and

5 machinery are present, eliminating the janitor job does not invalidate the ALJ's step five

6 determination as to the hand packager and laundry worker occupations.  The Commissioner

7 has met his burden to prove that Plaintiff can perform other jobs in the national economy.

8 **III.**    **CONCLUSION**

9        The ALJ's RFC is supported by substantial evidence.  The ALJ's step five determination

10 that Plaintiff can perform other work in the national economy is supported by substantial

11 evidence.  The ALJ's non-disability determination is supported by substantial evidence and

12 free of legal error.

13                           **ORDER**

14        IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is

15 AFFIRMED and this case is dismissed with prejudice.

16        **LET JUDGMENT BE ENTERED ACCORDINGLY.**

17

18 DATED: <u>February 10, 2012</u>               <u>     */s/ John E. McDermott*     </u>

19                                         JOHN E. MCDERMOTT

20                                  UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28